UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JONATHAN AYALA,

        Plaintiff,

        -against-

MICHAEL J. SPOSATO and LORETTA E. LYNCH,

        Defendants.
----------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D N Y

★ NOV 13 2012 ★

LONG ISLAND OFFICE

ORDER
12-CV-5004 (JFB)

JOSEPH F. BIANCO, District Judge:

On October 3, 2012, incarcerated *pro se* plaintiff Jonathan Ayala ("plaintiff") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Accompanying the petition is an application to proceed *in forma pauperis* and an application for the appointment of counsel. For the reasons set forth below, plaintiff's motion to proceed *in forma pauperis* is granted, and plaintiff's motion for the appointment of counsel is denied.

A. <u>Motion to Proceed *In Forma Pauperis*</u>

Upon review of the declaration accompanying plaintiff's application, the Court finds that plaintiff's financial status qualifies her to commence this action without prepayment of the filing fee. *See* 28 U.S.C. § 1915(a)(1). Accordingly, plaintiff's application to proceed *in forma pauperis* is granted; the United States Marshal Service is directed to serve the complaint upon the defendant without prepayment of fees.

B. <u>Appointment of Counsel</u>

Pursuant to 28 U.S.C. § 1915(e)(1), courts may appoint an attorney to represent someone unable to afford counsel. Courts possess broad discretion when determining whether appointment is appropriate, "subject to the requirement that it be 'guided by sound legal principle.'" *Cooper v.*

*A. Sargenti Co., Inc.*, 877 F.2d 170, 171-72 (2d Cir. 1989) (quoting *Jenkins v. Chemical Bank*, 721 F.2d 876, 879 (2d Cir. 1983)). The Second Circuit set forth the principle as follows:

> [T]he district judge should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986).

The Second Circuit also held that these factors are not restrictive and that "[e]ach case must be decided on its own facts." *Id.* at 61. A developed record assists the court in this regard. *See Brooks v. State of New York*, No. 92-CV-1508, 1992 WL 320402, at *3 (S.D.N.Y. Oct. 29, 1992) (denying, without prejudice, appointment of counsel based on pleadings' failure to satisfy *Hodge*'s required threshold showing of likely merit).

The Court has reviewed petitioner's application and finds – after considering the above-referenced *Hodge* factors in the context of petitioner's application – that appointment of counsel is not warranted. Specifically, the legal and factual issues raised in the petition are being litigated with the assistance of counsel in the underlying criminal case, *United States v. Ayala*, 11-CR-717 (JFB). Thus, appointment of counsel is unnecessary for the issues raised in the petition to be briefed in a manner that will allow full consideration of petitioner's position by the Court.

Accordingly, petitioner's application for appointment of counsel is denied.

C. Conclusion

For the reasons set forth above, plaintiff's application to proceed *in forma pauperis* is GRANTED and plaintiff's application for the appointment of counsel is DENIED without prejudice and with leave to renew.

SO ORDERED.

JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated: November 13, 2012
Central Islip, New York

3